**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **MONARCH INVESTMENTS, LLC,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1-14:CV-01019-SS** |
| | § | |
| **FERNANDO AURRECOECHEA,** | § | |
| **ALEJANDRO AURRECOECHEA,** | § | |
| **WAYNE CADENA, ELIAS V.** | § | |
| **LORENZANA JR., LORENZANA &** | § | |
| **SARHAN, INC., THE LORENZANA** | § | |
| **LAW FIRM, PC, KHALED M. SARHAN,** | § | |
| **CANDICE AGUIRRE, LUCY CADENA,** | § | |
| **NASH MARTINEZ, ELIAS J.** | § | |
| **LORENZANA, M.D., LORENCO, INC.,** | § | |
| **TEXAS ECONOMIC REGIONAL** | § | |
| **CENTER HOLDING COMPANY, LLC,** | § | |
| **and UNITED PILLARS GROUP, LLC** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT NASH MARTINEZ'S RULE 12(c) MOTION

COMES NOW Defendant Nash Martinez, and files this, his motion for judgment on the pleadings, under Rule 12(c) of the Federal Rules of Civil Procedure, and in support would respectfully show the Court as follows:

### I.    INTRODUCTION

1.    Plaintiff sued this Defendant for damages it claims to have sustained as a result of an investment, allegedly based upon a preliminary business plan presented to him by other defendants. A close reading of its First Amended Complaint clearly shows that there are no facts to support any claims against this Defendant. The causes of action against this Defendant should thus be dismissed with prejudice.

2.      In short, Plaintiff's entire case against this Defendant is based on his alleged presence at one or more meetings, where Plaintiff claims that its principal was told untruths by others. Specifically, Plaintiff's entire factual support for all causes of action against this Defendant, is the following:

> "*Martinez was present when these false representations were made. Because of Martinez's undisclosed commission agreement with the other Seller Defendants, Monarch believes that Martinez knew that each of these statements was false, or was at least severely reckless concerning its truth or falsity. Despite this, Martinez failed to correct the misstatements and benefitted from them when Monarch invested in WMC.*" (Dkt. No. 40, ¶ 47)

## II.      AUTHORITY & ARGUMENT

3.      A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is subject to the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Doe v. MySpace, Inc.,* 528 F.3d 413, 418 (5th Cir.), *cert. denied,* 555 U.S. 1031, 129 S.Ct. 600, 172 L.Ed.2d 456 (2008). Federal Rule of Civil Procedure 12(b)(6) allows dismissal if a plaintiff fails to state a claim upon which relief may be granted. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). A Rule 12(b)(6) motion to dismiss requires the court to accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *See Doe,* 528 F.3d at 418. To defeat the motion, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 127 S.Ct. at 1974. Mere conclusory allegations are not sufficient. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir.2000). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly,* 127 S.Ct. at 1965. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has failed to adequately state a claim." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009).  In the case at bar, there are no specific facts plead against Nash Martinez which would give rise to liability.  Further, the allegations of wrongdoing against this Defendant are merely conclusory assertions and are not entitled to assumption of truth and should be disregarded.  Therefore, this Defendant respectfully moves the Court to dismiss the claims against him for failure to state a claim upon which relief can be granted.

### III.    <u>CONCLUSION AND PRAYER FOR RELIEF</u>

WHEREFORE, PREMISES CONSIDERED, Defendant Nash Martinez respectfully moves the Court to dismiss the claims against him for failure to state a claim upon which relief can be granted, that this Defendant recover his costs and attorneys' fees and for such other and further relief, at law and in equity, to which this Defendant may show himself justly entitled.

Respectfully submitted,

**RENTEA & ASSOCIATES**

505 W. 12th Street, Suite 206
Austin, Texas  78701
(512) 472-6291
(512) 472-6278 Facsimile

By:    */s/ Bogdan Rentea*
Bogdan Rentea
brentea@rentealaw.com
State Bar No. 16781000

**LAW OFFICES OF STEVEN D. URBAN**
505 W. 12th Street, Suite 206
Austin, Texas 78701
512-761-8529
512-761-7290 facsimile

By:    */s/ Steven D. Urban*
Steven D. Urban

surban@urbanlawoffices.com
State Bar No. 24028179
Kristen A. Haraden
kharaden@urbanlawoffices.com
State Bar No. 24094703

## <u>CERTIFICATE OF SERVICE</u>

      I certify that a copy of the foregoing was served by CM/ECF on this **30th day of November, 2015** as follows:

Daniel H. Byrne                                *Via E-file*
Christine Burgess
Fritz, Byrne, Head & Fitzpatrick, PLLC
221 West Sixth Street, Suite 960
Austin, TX  78701
Ph:  (512) 476-2020
Fx:  (512) 477-5267
dbyrne@fbhf.com
cburgess@fbhf.com
**Attorneys for Monarch Investements, LLC**

Elias V. Lorenzana, Jr.                      *Via E-file*
Lorenzana Law Firm
7600 Burnet Rd., Ste. 515
Austin, Texas 78757
Ph:  (512) 338-0529
Fx:  (512) 338-6005
Elias.lorenzana@lawllf.com
**Attorney for Elias V. Lorenzana, Jr.,**
**Lorenzana & Sarhan, Inc., Lorenzana**
**Law Firm, P.C., Khaled M. Sarhan, Elias J.**
**Lorenzana, M.D., Lorenco, Inc., and Texas**
**Economic Regional Center Holding Co., LLC**

                                    */s/ Bogdan Rentea*
                                    Bogdan Rentea