# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **MONARCH INVESTMENTS, LLC,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 1-14:CV-01019-SS |
| **FERNANDO AURRECOECHEA, ALEJANDRO AURRECOECHEA, WAYNE CADENA, ELIAS V. LORENZANA JR., LORENZANA & SARHAN, INC., THE LORENZANA LAW FIRM, PC, KHALED M. SARHAN, CANDICE AGUIRRE, LUCY CADENA, NASH MARTINEZ, ELIAS J. LORENZANA, M.D., LORENCO, INC., TEXAS ECONOMIC REGIONAL CENTER HOLDING COMPANY, LLC, and UNITED PILLARS GROUP, LLC** | § § § § § § § § § § § § § § § § | |
| Defendants. | § | |

## DEFENDANTS WAYNE CADENA, LUCY CADENA AND UNITED PILLARS GROUP, LLC'S FIRST AMENDED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

COME NOW Defendants Wayne Cadena, Lucy Cadena and United Pillars Group, LLC and file their First Amended Motion to Dismiss for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6) and this Court's Order of January 27, 2015 (Dkt. No. 38) and in support would respectfully show the Court as follows:

### I.   INTRODUCTION

1.   Plaintiff is the part owner of a company called Wellness Med Clinics, LLC. ("Wellness"). Defendants are largely its owners, organizers and/or employees. Lucy Cadena is the Office Manager for Wellness. Wayne Cadena is its CEO. Lucy and Wayne Cadena are

husband and wife. United Pillars Group, LLC ("UPG") provides certain administrative functions for Wellness.

2. Wellness, among other things, operates a clinic to serve injured workers within the confines of the worker's compensation system. Plaintiff invested approximately $900,000 in Wellness beginning in the fall of 2013. In the summer of 2014, Plaintiff, Elias Lorenzana, Candice Aguirre and others attempted to orchestrate a takeover of Wellness, despite the fact that Plaintiff had no voting rights. In response, Fernando Aurrecoechea, Alejandro Aurrecoechea, Wayne Cadena, Wellness Med Clinics, LLC, United Pillars Group, LLC and Injury 2 Wellness, LLC[1] brought suit against Elias V. Lorenzana Jr., Lorenzana & Sarhan, Inc, Lorenzana Children's Irrevocable Texas Trust, Khaled M. Sarhan and Candice Aguirre in Travis County District Court, seeking to enjoin them from interfering with Wellness's operations and for damages (the "State Court Suit").

3. On or about September 4, 2014, Plaintiff, Shyam Garg and others brought counterclaims against Fernando Aurrecoechea, Alejandro Aurrecoechea, Wayne Cadena, Lucy Cadena and others in the State Court Suit. A copy of their Counterclaim is attached as **Exhibit A**.

4. On or about September 18, 2014, after notice and hearing, the Travis County District Court enjoined Plaintiff, Garg and others from taking certain actions and set the trial of that matter on the 14th of September, 2015. A copy of the injunction order is attached as **Exhibit B**.

---

[1] The latter two companies are loosely affiliated with Wellness and Monarch owns an interest in Injury 2 Wellness, LLC as well.

5. Shortly thereafter, Monarch and Garg retained the same counsel who are representing Monarch in the instant lawsuit. Monarch and Garg then nonsuited and dismissed their claims in the State Court Lawsuit. (See **Exhibits C** and **D**[2]). This suit followed.

6. The State Court Lawsuit was tried on September 14, 2015. A copy of the Court's Final Judgment in that matter is attached as **Exhibit E**.

7. Plaintiff filed this action seeking to recover rescission of the purchase price paid for its interest in Wellness, as well as actual and exemplary damages as alleged in its Amended Complaint.

8. While Plaintiff makes many allegations in its Amended Complaint, it is unclear what Wayne Cadena, Lucy Cadena or UPG have allegedly done to allegedly damage the Plaintiff, other than to provide services to Wellness. Plaintiff does not assert any factual allegations of wrongdoing against those defendants, instead only offering conclusory assertions. Consequently, those parties respectfully move the Court to dismiss Plaintiff's claims against them for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## II. AUTHORITY & ARGUMENT

9. In order to survive a 12(b)(6) motion to dismiss, "a plaintiff's pleadings must allege 'enough to raise a right to relief above the speculative level' with facts sufficient to 'state a claim to relief that is plausible on its face.'" *Yur-Mar, L.L.C. v. Jefferson Parish Council*, 451 F. App'x 397, 400 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). A plausible claim "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A complaint 'does not need detailed factual allegations,' but must provide the

---

[2] The Court's order did not release Garg, Plaintiff or anyone else from its injunction.

plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (quoting *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007), in turn quoting *Twombly*, 550 U.S. at 555). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.,* 14 F.3d 1061, 1067 (5th Cir. 1994). Under the 12(b)(6) standard, a court may not look beyond the face of the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

10. Plaintiff's First Amended Complaint includes the following conclusory statements:

   a. "Upon information and belief, . . . the Cadenas knew that the Seller Defendants presented the Business Plan to Monarch and that it contained false representations. . ." . (Dkt. No. 40, ¶ 59)

   b. "… the co-conspirators knew that the object and purpose of the conspiracy was to entice Monarch into investing in WMC based on false representations and intentional failures to disclose material information…" (Dkt. No. 40, ¶ 61)

   c. "…the co-conspirators aided and abetted the wrongful conduct of the Seller Defendants." (Dkt. No. 40, ¶ 62)

   d. "Finally, it is believed that UPG is owned and controlled by some combination of Lorenzana Jr., the Aurrecoecheas and Cadena. Through these individuals, UPG knew that (1) the above-referenced false representations were made to Monarch, (2) that UPG was to be paid to

manage WMC even though this was not disclosed in the Business Plan, and (3) the financial interests of Lorenzana Jr., the Aurrecoecheas and Cadena in UPG, and the corresponding likelihood that they would reap economic benefits from WMC through their interests in UPG." (Dkt. No. 40, ¶ 60)

e. "Specifically, the Co-Conspirators had knowledge that the Seller Defendants' conduct constituted wrongful conduct, the Co-Conspirators had the intent to assist the Seller Defendants in committing this conduct, and they gave Seller Defendants assistance or encouragement that was a substantial factor in causing the wrongful conduct." (Dkt. No. 40, ¶ 62)

f. ". . .the Cadenas (Cadena as COO and Mrs. Cadena as Office Manager) owed fiduciary duties to WMC, including the duty of loyalty, utmost good faith and candor, duty to refrain from self-dealing, duty to act with the integrity of the strictest kind, duty of fair, honest dealing and the duty of full disclosure. By misappropriating and wasting the corporate assets of WMC . . .these defendants violated their fiduciary duties to WMC." (Dkt. No. 40, ¶ 64)

g. ". . . the Cadenas . . . have received (and Monarch believes retain) money that belongs to Monarch (derivatively on WMC's behalf) in equity and good conscience. In addition, these defendants have been unjustly enriched to the detriment of Monarch (derivatively on WMC's behalf) through their misappropriation and waste of WMC's corporate assets and Monarch's investment." (Dkt. No. 40, ¶ 66)

11. In the case at bar, there are no specific facts plead against Wayne Cadena, Lucy Cadena or UPG which would give rise to liability. Further, these statements are merely conclusory assertions and are not entitled to assumption of truth and should be disregarded. Wayne Cadena is Wellness's CEO. Lucy is Wellness's office manager. UPG provides administrative services to Wellness. The only thing these three parties are alleged to have done is provided services to Wellness and, at least with regard to the Cadenas, received compensation for their work. Therefore, these Defendants respectfully move the Court to dismiss the claims against them for failure to state a claim upon which relief can be granted.

### III. FAILURE TO STATE A CLAIM FOR RELIEF AS TO THE CLAIMS ASSERTED

#### A. Claims of Conspiracy and Aiding and Abetting

12. Plaintiff's allegations fail to establish any facts that establish that Wayne Cadena, Lucy Cadena or UPG agreed to commit illegal conduct.

13. "Simply alleging a conspiracy between [Defendants], without alleging facts that suggest an agreement, is not enough to overcome a 12(b)(6) motion." *Dolenz v. Akin*, 1999 U.S. Dist. LEXIS 23445, 16, 1997 WL 21388 (N.D. Tex. Jan 13, 1997). To succeed on a conspiracy claim, a plaintiff must "allege facts that suggest . . . an agreement between the [defendants] to commit an illegal act." *Id*.

14. Plaintiff's claim that Wayne or Lucy Cadena "knew that the Business Plan contained false representations" is speculative at best and insufficient to succeed on a conspiracy claim.

15. Likewise, the claim that "co-conspirators and the Seller Defendants had a meeting of the minds on the object or course of action, and one of the members of this combination

committed an unlawful, overt act to further the object or course of action" is a baseless, conclusory statement and nothing more.

16. With respect to the aiding and abetting claim, Plaintiff simply recites the elements of the cause of action without any factual evidence to support such elements in a way that would rise above the requisite speculative level.

17. Accordingly, Plaintiff's allegations just do not meet its burden as it does not allege any facts that would entitle Plaintiff to relief for either its conspiracy nor aiding and abetting claims. For this reason, these claims against these Defendants should be dismissed.

### B. Claim of Breach of Fiduciary Duty

18. Plaintiff does not assert any facts that establish that Wayne or Lucy Cadena owed Plaintiff a fiduciary duty.

19. Plaintiff's allegations must show a right to relief that is plausible. *Brooks v. Ross* 578 F.3d 574, 581-82 (7th Cir. 2009). Similarly, Plaintiff must show a right to relief that is more than speculation. *Bell Atl. Corp.*, 550 U.S. at 555; *see Ashcroft*, 556 U.S. at 678-79.

20. Plaintiff does not offer any facts to show that Wayne Cadena or Lucy Cadena did anything other than work for Wellness and receive payment for their work.

21. Even assuming *arguendo* that the Cadenas had any part in paying the salaries of the employees, providing salaries to a company's employees is not a breach of a fiduciary duty, and in fact, it would not only be a violation of Labor Laws, but would be a breach of a fiduciary duty to the company to not pay the company's employees.

22. Therefore, Plaintiff has not shown that the Cadenas owed, much less breached, a fiduciary duty to Plaintiff. Further, Plaintiff has not presented a right to relief that is plausible nor

Defendants Wayne Cadena, Lucy Cadena and United Pillars Group, LLC's  First Amended Motion to Dismiss - Page 7

alleged any facts that are more than pure speculation. Accordingly, this claim should also be dismissed.

### C. Claim for Unjust Enrichment & Money Had and Received

23. As described in the other claims above, Plaintiff wholly fails to assert any facts that Defendants Wayne Cadena, Lucy Cadena or UPG misappropriated or wasted any of WMC's corporate assets and Plaintiff's investment.

24. Wayne and Lucy Cadena merely went to work for Wellness and performed their individual jobs. Any money that was paid to them was their earned salary and nothing else. UPG provided administrative services and there are no facts pled which indicates any wrongdoing on its part nor any enrichment of any kind.

25. Thus, this claim also fails and should be dismissed.

## IV. CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendants Wayne Cadena, Lucy Cadena and United Pillars Group, LLC respectfully move the Court to dismiss the claims against them for failure to state a claim upon which relief can be granted, that these Defendants recover their costs and attorneys' fees and for such other and further relief, at law and in equity, to which these Defendants may show themselves justly entitled.

Respectfully submitted,

LAW OFFICES OF STEVEN D. URBAN
505 W. 12th Street, Suite 206
Austin, Texas 78701
512-761-8529
512-761-7290 facsimile

Dated: November 30, 2015     By:   /s/ Steven D. Urban
                                   Steven D. Urban
                                   surban@urbanlawoffices.com
                                   State Bar No. 24028179

Kristen A. Haraden
kharaden@urbanlawoffices.com
State Bar No. 24094703

**RENTEA & ASSOCIATES**

505 W. 12th Street, Suite 206
Austin, Texas 78701
(512) 472-6291
(512) 472-6278 Facsimile

By: _/s/ Bogdan Rentea_
Bogdan Rentea
brentea@rentealaw.com
State Bar No. 16781000

# CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served by CM/ECF on this **30th day of November, 2015** as follows:

| | |
|---|---|
| Daniel H. Byrne | *Via Email* |
| Christine Burgess | |
| Fritz, Byrne, Head & Fitzpatrick, PLLC | |
| 221 West Sixth Street, Suite 960 | |
| Austin, TX 78701 | |
| Ph: (512) 476-2020 | |
| Fx: (512) 477-5267 | |
| dbyrne@fbhf.com | |
| cburgess@fbhf.com | |
| **Attorneys for Monarch Investements, LLC** | |

| | |
|---|---|
| Elias V. Lorenzana, Jr. | *Via Email* |
| Lorenzana Law Firm | |
| 7600 Burnet Rd., Ste. 515 | |
| Austin, Texas 78757 | |
| Ph: (512) 338-0529 | |
| Fx: (512) 338-6005 | |
| Elias.lorenzana@lawllf.com | |
| **Attorney for Elias V. Lorenzana, Jr., Lorenzana & Sarhan, Inc., Lorenzana Law Firm, P.C., Khaled M. Sarhan, Elias J. Lorenzana, M.D., Lorenco, Inc., and Texas Economic Regional Center Holding Co., LLC** | |

                                                              */s/ Steven D. Urban*
                                                              Steven D. Urban